IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JUAN VILLANUEVA, | : | CIVIL NO. 3:CV-07-1955 |
| Plaintiff | : | |
| | : | (Judge Munley) |
| v. | : | |
| | : | |
| CORRECTIONAL OFFICER ROSE, | : | |
| et al., | : | |
| Defendants | : | |

## MEMORANDUM

Juan Villanueva filed this civil rights action on October 25, 2007. (Doc. 1.) He is presently incarcerated at the State Correctional Institution at Fayette, Labelle, Pennsylvania. Named as defendants are Correctional Officers Rose and Bahoric (erroneously identified as "Bahour"), Lieutenant Hewitt and Superintendent Nichol. (Doc. 1; Doc. 14, p. 1.) Presently before the Court is defendants' motion to dismiss plaintiff's complaint pursuant to Federal Rules of Civil Procedure 12(b)(6). (Doc. 14.) For the reasons set forth below, the motion will be granted.

I.  **Allegations of Complaint**

Plaintiff alleges that the following occurred while he was incarcerated in the Restricted Housing Unit at the Dauphin County Prison in 2002:

> Plaintiff was assaulted by correctional officer Rose and correctional officer Bahour [sic] in the Restricted Housing Unit. Plaintiff had on going medical problems with his leg, and Rose and Bahour [sic] new [sic] about plaintiffs [sic] injury. As a resault [sic] of the assault plaintiffs [sic] injury worsen [sic]. Lt. Hewitt was aware of the situation and did nothing to stop the assault. Also plaintiff was denied medical treatment for his injuries. As a resault [sic] plaintiff

> had to be taken to an outside hospital for surgery to his disal tibia left lower extremity, with a cast application. Plaintiff has a serious medical problem diagnosed by orthapetic [sic] sergeon [sic]. Plaintiff will continue to suffer serious pain.

(Doc. 1, p. 4.) He seeks compensatory and punitive damages. (Id.)

## II. Standard of Review

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for the dismissal of complaints that fail to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). When ruling on a motion to dismiss under Rule 12(b)(6), the court must "accept as true all factual allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff." Kanter v. Barella, 489 F.3d 170, 177 (3d Cir. 2007) (quoting Evancho v. Fisher, 423 F.3d 347, 350 (3d Cir. 2005)). Although the court is generally limited in its review to the facts in the complaint, it "may also consider matters of public record, orders, exhibits attached to the complaint and items appearing in the record of the case." Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1384 n.2 (3d Cir. 1994); see also In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1426 (3d Cir. 1997).

Federal notice pleading rules require the complaint to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Erickson v. Pardus, ___ U.S. ___, 127 S. Ct. 2197, 2200 (2007)). The plaintiff must present facts that, if true, demonstrate a plausible right to relief. See FED. R. CIV. P. 8(a) (stating that the complaint should include "a short and plain statement of the claim showing that the pleader is entitled to relief"); Bell Atl. Corp. v. Twombly, ___ U.S. ___, 127 S. Ct. 1955, 1965 (2007)

(requiring plaintiffs to allege facts sufficient to "raise a right to relief above the speculative level"); Victaulic Co. v. Tieman, 499 F.3d 227, 234 (3d Cir. 2007). Thus, courts should not dismiss a complaint for failure to state a claim if it "contain[s] either direct or inferential allegations respecting all the material elements necessary to sustain recovery under *some* viable legal theory." Montville Twp. v. Woodmont Builders LLC, No. 05-4888, 2007 WL 2261567, at *2 (3d Cir. 2007) (quoting Twombly, ___ U.S. at ___, 127 S. Ct. at 1969). Under this liberal pleading standard, courts should generally grant plaintiffs leave to amend their claims before dismissing a complaint that is merely deficient. See Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002); Shane v. Fauver, 213 F.3d 113, 116-17 (3d Cir. 2000).

### III. Discussion

#### A. Collateral Estoppel

Defendants first seek to dismiss plaintiff's complaint on the grounds that it is barred by the doctrine of collateral estoppel. Plaintiff concedes that he filed two previous complaints "and each arose from the same events as those set forth in the instant complaint." (Doc. 19-2, p. 1.) It is his position that the claims should be heard again because he was never appointed counsel in either case, the first complaint was dismissed without the opportunity to amend, and he was unable to litigate the second complaint because his legal property was seized by corrections officers.

Collateral estoppel precludes parties from litigating an issue previously resolved in a

3

prior judicial proceedings and "serves the twin purposes of protecting litigants from assuming the burden of re-litigating the same issue with the same party, and promoting judicial economy through preventing needless litigation." McNeil v. Owens-Corning Fiberglas Corp., 545 Pa. 209, 680 A.2d 1145, 1148 (Pa.1996); see Peloro v. United States, 488 F.3d 163, 174-75 (3d Cir. 2007). As a general rule, collateral estoppel applies "[w]hen an issue of fact or law is actually litigated and determined by a valid and final judgment, and the determination is essential to the judgment." Nat'l R.R. Passenger Corp. v. Pa. Pub. Util. Comm'n, 288 F.3d 519, 525 (3d Cir. 2002). After the issue has been resolved by a court, that court's "determination is conclusive in a subsequent action between the parties, whether on the same or a different claim." Id.

"[T]he standard requirements for collateral estoppel, more generally termed issue preclusion, [are] (1) the identical issue was previously adjudicated; (2) the issue was actually litigated; (3) the previous determination was necessary to the decision; and (4) the party being precluded from relitigating the issue was fully represented in the prior action." Szehinskyj v. Attorney General of U.S., 432 F.3d 253, 255 (3d Cir.2005) (quotation omitted). "[T]he general rule [is] that issue preclusion attaches only when an issue of fact or law is actually litigated and determined by a valid and final judgment. . . ." Nat'l Ass'n of Letter Carriers, AFL-CIO v. U.S.P.S., 272 F.3d 182, 189 (3d Cir. 2001) (quoting Arizona v. California, 530 U.S. 392, 414 (2000)).

Plaintiff has filed two prior actions based on the same set of facts as the instant action.

1.    <u>Civil Action Number 3:CV-02-2150</u>

On November 26, 2002, plaintiff filed Civil Action Number 3:CV-02-2150 naming as defendants the same individuals named in this action. (Doc. 14-3.) Therein, he alleged that he suffered an injury to his leg on April 15, 2002, and was denied medical treatment. (<u>Id.</u>) On December 13, 2002, the complaint was dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Plaintiff did not seek reconsideration of the decision. Nor did he request an opportunity to file an amended complaint. Moreover, he did not appeal the decision.

It is clear that plaintiff's claim that the named defendants denied him medical treatment for his leg injury has already been decided in a prior adjudication. There was a final adjudication on the merits in an action in which plaintiff was a party. (Doc. 14-4.) And, he had a full and fair opportunity in 2002 to litigate the issue. The venue to challenge this Court's decision to dismiss his 2002 complaint was in the United States Court of Appeals for the Third Circuit. Plaintiff failed to take advantage of this avenue of relief. He is now precluded from raising the issue anew in this action.

2.    <u>Civil Action Number 3:CV-03-0580</u>

On April 3, 2003, plaintiff filed Civil Action Number 3:CV-03-0580. Therein he named the same defendants that are named in the instant action and sought relief for an assault by Officers Bahoric and Rose. On July 22, 2003, defendants moved for summary judgment pursuant to Federal Rule of Civil Procedure 56. Plaintiff failed to file an appropriate response to the motion and had not requested an extension of time in which to do

so. Therefore, on September 4, 2003, he was afforded additional time to respond. On September 19, 2003, plaintiff filed a motion for enlargement of time to respond to the motion, which was granted. He filed a second motion for enlargement to time. Although he was granted a generous extension of time, he was cautioned that his failure to file a brief in opposition would result in the motion being deemed unopposed. He failed to file a brief in opposition to the motion and the motion was deemed unopposed. Following a merits analysis of the claims, defendants were granted summary judgment in December 2003. (Doc. 14-6.) More than eight months passed before plaintiff appealed the decision to the United State Court of Appeals for the Third Circuit. (Doc. 14-7.) The appeal was dismissed as untimely. (Id.)

There is no question that plaintiff's assault claim against the named defendants has been previously decided in a matter in which plaintiff was a party. There was a final adjudication on the merits. (Doc. 14-6.) He was afforded a full and fair opportunity in 2003 to litigate the issue. The contention that his ability to litigate his claims was somehow impaired due to the interference of corrections officers should have been raised in that proceeding, not in a new action initiated almost four years after its dismissal. He is now precluded from raising the issues in this action.

B.     Statute of Limitations

Alternatively, defendants argue that the claim is barred by the two-year statute of limitations period. The Court agrees. Even if the claims were not barred by the doctrine of

6

collateral estoppel, the complaint would still be dismissed because the claims are barred by the statue of limitations for bringing a 42 U.S.C. § 1983 civil rights action. The statute of limitations for bringing a civil rights suit under § 1983 is the same as the state statute of limitations for bringing a personal injury action. See Kost v. Kozakiewicz, 1 F.3d 176, 189-90 (3d Cir. 1993). In Pennsylvania, that period is two years. Id.; see 42 PA. CONS. STAT. § 5524. The statute begins to run from the date the plaintiff became aware that his constitutional rights were violated. Sameric Corp. of Delaware, Inc. v. City of Philadelphia, 142 F.3d 582, 599 (3d Cir. 1998). Although the date of the injury is not specified in his complaint, in the complaints filed in 2002, and 2003, he indicated that the assault took place on April 15, 2002. Clearly, the present action, which was filed on October 25, 2007, is barred by the two-year statute of limitations.

### IV.  Conclusion

Defendants' motion to dismiss plaintiff's complaint will be granted based on the conclusion that the action is barred by the doctrine of collateral estoppel. Alternatively, even if the action was not barred by collateral estoppel, the complaint would be dismissed as time-barred by the statute of limitations.

An appropriate order will issue.

BY THE COURT:

JUDGE JAMES M. MUNLEY
United States District Court

Dated: April 30, 2008

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JUAN VILLANUEVA, | : | CIVIL NO. 3:CV-07-1955 |
| **Plaintiff** | : | |
| | : | (Judge Munley) |
| v. | : | |
| | : | |
| CORRECTIONAL OFFICER ROSE, | : | |
| et al., | : | |
| **Defendants** | : | |

## ORDER

**AND NOW** this 30th day of April 2008, it is hereby **ORDERED** that:

1. Defendants' motion to dismiss plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) (Doc. 14) is GRANTED.

2. The complaint is DISMISSED in its entirety.

3. The Clerk of Court is directed to CLOSE this case.

4. Any appeal from this order is DEEMED frivolous and not in good faith. See 28 U.S.C. § 1915(a)(3).

BY THE COURT:

_____
JUDGE JAMES M. MUNLEY
United States District Court